UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re

MARY BETH MASSILLON and
LEON J. MASSILLON,

        Debtors

Chapter 7
Case No. 09-17613-FJB

## MEMORANDUM OF DECISION
## ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

The matter before the court is the objection of the chapter 7 trustee, Lynne F. Riley, to debtor Mary Beth Massillon's ("Mary Beth") claim of exemption as to her interest, valued at approximately $62,000, in a testamentary spendthrift trust that is governed by New York law.[1] On August 10, 2009, the date of her bankruptcy filing, Mary Beth had a beneficial interest in this trust. As a beneficiary of the trust, she is entitled to distributions of the net income of the trust at least semi-annually, and she is further entitled to distribution of the remaining principal in two installments of approximately $31,000 each, the first to occur in June 2010 and the second in June 2015. On her schedule of exemptions, she states that her interest in the trust is wholly excluded from the estate; and, with respect to any portion that may nonetheless come into the estate, she claims an exemption under 11 U.S.C. § 522(d)(5) in the amount of $20,950. The parties agree that the spendthrift clause is valid and enforceable and that it excludes her beneficial interest in the trust from the bankruptcy estate. They disagree as to (i) whether New York law, in combination with 11 U.S.C. § 541(c)(2), excludes her rights to distributions from the estate and (ii) if and to the extent that those distributions are assets of the estate, whether the debtor may claim them as exempt by use of 11 U.S.C. § 522(d)(5), as the debtor maintains, or whether use of § 522(d)(5) would amount to impermissible stacking of Code exemptions on top

---

[1] The trust was created by the wills of her deceased grandparents.

of state law exemptions, as the trustee argues.[2]

Applicable New York law, set forth in N.Y.C.P.L.R. § 5205(c) and (d), provides as follows:

> (c) Trust exemption.
>
> > 1. Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the funds so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment. . . .
>
> (d) Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:
>
> > 1. ninety per cent of the income or other payments from a trust the principal of which is exempt under subdivision (c)[.]

Subsection (c)(1) places the trust assets, while held in trust, beyond the reach of any judgment creditor. And, because the trust itself contains a valid and enforceable spendthrift clause, Mary Beth herself is not free to alienate the trust assets or control their disposition. As the trustee concedes, the trust assets, while held in trust, are consequently excluded by § 541(c)(2) from the bankruptcy estate.[3]

---

[2] The Trustee also argues that Mary Beth's exemption under § 522(d)(5), if she is entitled to one at all, must be limited to $11,200, the maximum to which a debtor is entitled under that exemption, because the beneficial interest belongs to her alone and not also to her co-debtor husband. Mary Beth does not now contend otherwise.

[3] 11 U.S.C. § 541(c)(2) ("A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."); *In re Hunger*, 272 B.R. 292 (Bankr. M.D. Fla. 2002) (holding that where the debtor holds a beneficial interest in a New York trust as to which, under the trust instrument and New York law, the debtor had no right to direct the disposition of the principal of the trust, the assets of the trust come within the exception of § 541(c)(2) and are not within the debtor's bankruptcy estate).

The protections afforded by N.Y.C.P.L.R. § 5205(c) and (d) apply where a trust "has been created by, or the funds so held in trust has proceeded from, a person other than the judgment debtor." The trust need not be a spendthrift trust to qualify for their protection. If, on

Upon their distribution, however, the assets of the trust become available in part to creditors: by operation of N.Y.C.P.L.R. § 5205(d)(1), creditors can reach ten percent of such distributions plus such additional amounts as a court determines are unnecessary for the reasonable requirements of the debtor and her dependents. Thus, New York law treats the distributions differently from the trust assets while they are in the trust. While in the trust, the trust assets are wholly protected from creditor process; but upon their distribution, they become only partly protected.

From this two issues arise. The first is whether N.Y.C.P.L.R. § 5205(d)(1) is more properly characterized as an exemption within the meaning of 11 U.S.C. § 522(b) or as "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law " within the meaning of 11 U.S.C. § 541(c)(2). If it is an exemption as opposed to an exclusion, Mary Beth may enjoy its benefit only by claiming it as an exemption, which would effectively bar her from also sheltering under § 522(d)(5) the portion not sheltered by N.Y.C.P.L.R. § 5205(d)(1), state exemptions and § 522(d) exemptions being mutually exclusive.[4] Mary Beth having elected the § 522(d) exemptions, she would be limited to the exemptions available to her thereunder and could have no recourse to N.Y.C.P.L.R. § 5205(d)(1).[5] On the other hand, if N.Y.C.P.L.R. § 5205(d)(1) is a § 541(c)(2) exclusion, then Mary Beth would be free to apply the § 522(d)(5) exemption to protect any portion of the distributions not excluded by N.Y.C.P.L.R. § 5205(d)(1) via § 541(c)(2). The second issue

---

account of the spendthrift character of the trust, any provision of New York law affords the debtor any additional or stronger protection against the ability of creditors to reach distributions from the trust than that afforded by N.Y.C.P.L.R. § 5205(d)(1), the debtor has not cited or invoked it.

[4] Section 522(b)(1) of the Bankruptcy Code permits a debtor to exempt from property of the estate the property listed in § 522(b)(2), which is the property listed in § 522(d), *or* the property listed in § 522(b)(3), which includes applicable state law exemptions. 11 U.S.C. § 522(b)(1).

[5] This disposition would be without prejudice to the debtor's right to seek to amend her claims of exemption.

would then be to quantify the amount excluded.

Is N.Y.C.P.L.R. § 5205(d)(1) more properly characterized as an exemption within the meaning of 11 U.S.C. § 522(b) or as "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law " within the meaning of 11 U.S.C. § 541(c)(2)?  The court agrees with the trustee that N.Y.C.P.L.R. § 5205(d)(1) is not a "restriction on transfer" within the meaning of § 541(c)(2).  In order to qualify as a restriction on transfer under § 541(c)(2), the operative restriction must do more than restrict the right of a creditor to reach the debtor's interest in order to satisfy a debt.  A restriction that only impairs a creditor's ability to transfer the asset is a simple exemption.  Rather, § 541(c)(2) excludes from the estate those interests which both creditor and debtor are restricted from transferring, such as, most typically, a spendthrift trust or an ERISA-qualified pension plan.  The evident logic of this provision is that the estate should not include those assets that the debtor herself is not free to alienate.  The language of N.Y.C.P.L.R. § 5205(d)(1) clearly restricts only creditors: "[t]he following personal property is exempt from application to the satisfaction of a money judgment . . . ."  It plainly does not restrict the debtor's ability to spend or otherwise alienate the asset. Accordingly, N.Y.C.P.L.R. § 5205(d)(1) is a simple exemption and not a § 541(c)(2) restriction on transfer.

It follows that the future distributions are assets of the estate.  Mary Beth has claimed them as exempt under § 522(d)(5) to the extent of $20,950.  The trustee argues correctly that her exemption under § 522(d)(5) can be no more than the statutory limit of $11,200.[6]   Having no interest in the trust, her co-debtor husband, Leon Massillon, is not free to shelter any portion of the distributions under his § 522(d)(5) exemption.

---

[6] 11 U.S.C. § 522(d)(5) (permitting debtor to exempt "[t]he debtor's aggregate interest in any property, not to exceed in value $1075 plus up to $10,125 of any unused amount of the exemption provided under paragraph (1) of this subsection").

4

A separate order will enter sustaining the trustee's objection and limiting the exemption to $11,200.

Date: March 10, 2010

_____
Frank J. Bailey
United States Bankruptcy Judge